SEYFARTH SHAW LLP
Joshua A. Rodine (SBN 237774)
jrodine@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Adam C. Hackett (SBN 220679)
ahackett@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE LETICIA MORALES, an individual, | Case No. |
| Plaintiff, | (Kern County Superior Court, Case No. BCV-25-102458) |
| v. | |
| LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1 through 20, inclusive, | **DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1332 AND 1441]** |
| Defendants. | |
| | Complaint Filed:  July 2, 2025 |

DEFENDANT LOWE'S NOTICE OF REMOVAL

319303832v.3

To the United States District Court for the Eastern District of California and to Plaintiff and her attorneys of record:

Please take notice that Defendant Lowe's Home Centers, LLC ("Defendant" or "Lowe's") hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1332 and 1441(a)-(b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Kern, to the United States District Court for the Eastern District of California, and state that removal is proper for the following reasons:

## I.      BACKGROUND

1.      On July 2, 2025, Plaintiff Denise Leticia Morales ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Kern, entitled *Denise Leticia Morales v. Lowe's Home Centers, LLC, a North Carolina Limited Liability Company; and DOES 1-20, Inclusive*, designated as Case No. BCV-25-102458. In the Complaint, Plaintiff alleges eight causes of action against Defendant: (1) Discrimination in Violation Gov't Code §§ 12940 *et seq.*; (2) Retaliation in Violation Gov't Code §§ 12940 *et seq.*; (3) Failure to Prevent Discrimination and Retaliation in Violation Gov't Code § 12940(k); (4) Failure to Provide Reasonable Accommodations in Violation Gov't Code §§ 12940 *et seq.*; (5) Failure to Engage in a Good Faith Interactive Process in Violation Gov't Code §§ 12490 *et seq.*; (6) Violation of the Pregnancy Disability Leave Law (Gov't Code §§ 12945(a)); (7) For Declaratory Judgment; and (8) Wrongful Termination in Violation of Public Policy.

2.      On July 9, 2025, Plaintiff served Defendant with the Summons; Complaint; Civil Case Cover Sheet; Superior Court of California, County of Kern, Alternative Dispute Resolution (ADR) Information Packet; ADR Stipulation and Order Form; and Notice of Assignment to Judge for All Purposes and Notice of Order to Show Cause Re CRC Rule 3.110 and Notice of Case Management Conference through Defendant's registered agent for service of process. True and correct copies of the foregoing documents served on Defendant are attached as **Exhibit A** to the Declaration of Adam C. Hackett ("Hackett Dec.").

**2.**      On August 7, 2025, Defendant filed its Answer to the Complaint in Kern County Superior Court. A true and correct copy of Defendant's Answer is attached as **Exhibit B** to the Hackett Dec.

2

319303832v.3

3.    **Exhibits A and B** constitute all of the pleadings served on Defendant or filed by Defendant in the state court action prior to filing this Notice of Removal. (Hackett Dec. ¶ 5.) Other than the Order to Show Cause Re CRC Rule 3.110 set for October 15, 2025, and the Case Management Conference scheduled for December 29, 2025, both in Kern County Superior Court, Bakersfield Division H, there are no other hearings currently scheduled in the state court action. (*Id*.)

## II.    TIMELINESS OF REMOVAL

4.    This notice of removal is timely as it is filed less than one year from the date this action was commenced, and within thirty days of the service of the Summons and Complaint upon Lowe's Home Centers, LLC, the moving defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Hackett Dec. ¶ 3; **Exhibit A**.)

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

5.    The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. section 1441(a), as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.    **Plaintiff's Citizenship.** "An individual is a citizen of the state in which []he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

7.    At the time Plaintiff filed this civil action, Plaintiff was a citizen and resident of the State of California, residing in Kern County. (Compl. ¶ 2.) Plaintiff alleges in the Complaint that "Plaintiff … is and at all times relevant hereto was a resident of the County of Kern, State of California." (*Id.*) Therefore, Plaintiff is a citizen of California. Additionally, based on review of Plaintiff's personnel records relating to Plaintiff while she was employed by Lowe's, Plaintiff's home address was within the

DEFENDANT LOWE'S NOTICE OF REMOVAL

319303832v.3

State of California and she worked at Lowe's within the state of California. (Declaration of Grace Ridley ["Ridley Dec."] ¶¶ 3-5.) There are no documents in Plaintiff's personnel file to suggest in any way that she is currently, or during the periods of her employment was, a resident of or citizen of any state other than California. (*Id.*)

8.    **Defendant Lowe's Citizenship.** In a removal, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

9.    Defendant Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. (Ridley Dec. ¶ 6.)

10.    Lowe's Companies, Inc. is and was at the time the civil action was instituted a corporation organized under the laws of North Carolina. (Ridley Dec. ¶ 7.)

11.    Furthermore, Lowe's Companies, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in North Carolina. (Ridley Dec. ¶ 7.) Thus, Lowe's Companies, Inc. is a citizen of North Carolina.

12.    Accordingly, because Lowe's Companies, Inc. is a citizen of North Carolina, Defendant is a citizen of the State of North Carolina, not California. Therefore, the requisite diversity of citizenship exists. 28 U.S.C. § 1332(c)(1).

13.    Furthermore, in compliance with 28 U.S.C. section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. section 1441(a) the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no

4

319303832v.3

effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id*.

14.    **Amount in Controversy.** While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

15.    Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Furthermore, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*

16.    As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982,

5

319303832v.3

986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

17.    In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorney's fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorney's fees and punitive damages).

18.    The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

19.    **Compensatory Damages.** In her Complaint, Plaintiff seeks to recover compensatory damages including "past and future lost wages, bonuses, commissions, benefits and loss of diminution of earning capacity." (Compl. ¶ 32.) Plaintiff's Complaint asserts claims under Fair Employment and Housing Act ("FEHA") (Compl. ¶¶ 11, 35-92), which provides that a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

20.    Lowe's records indicate that Plaintiff was hired on or about September 30, 2023, and her employment ended on or about March 13, 2024. (Ridley Dec. ¶ 3.) Plaintiff was paid $16.50 per hour during her entire employment at Lowe's. (*Id.*) While her hours varied, Plaintiff generally worked approximately seventeen hours per week at Lowe's prior to her alleged inability to work beginning February 2024 due to her claimed high-risk pregnancy. (Compl. ¶ 20; Ridley Dec. ¶ 4.) Conservatively

DEFENDANT LOWE'S NOTICE OF REMOVAL
319303832v.3

estimating a September 2026 trial date (two years and six months after Plaintiff's last date of employment), Plaintiff's lost wages alone would amount to approximately $33,660.[1]

21.    In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *E.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

22.    An award of two years of front pay would entitle Plaintiff to more than $26,928 in additional recovery.[2] *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages alone exceed $60,588.

23.    **Emotional Distress Damages.** In addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 31, 33.) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination. *Id.*

---

[1] $280.50 per week x 30 months (i.e., two years and six months).
[2] $1,122.00 per month x 24 months.

DEFENDANT LOWE'S NOTICE OF REMOVAL

319303832v.3

24.     In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *E.g.*, *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering awards of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

25.     **Attorney's Fees.** Plaintiff claims statutory entitlement to attorney's fees. (Prayer For Relief, No. 6.) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts six FEHA claims against Defendant in the Complaint. (Compl. First to Sixth Causes of Action.)

26.     Defendant anticipates that the Plaintiff and Defendant (the "Parties") will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Hackett Dec. ¶ 6.) Here, if Plaintiff prevails, she could be entitled to an award of

8

319303832v.3

attorney's fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, courts have awarded attorney's fees in excess of $75,000 in cases involving discrimination. *E.g.*, *Crawford v. DIRECTV, Inc*., No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp*., No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp*., No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including discrimination case).

27.    **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl. ¶ 34; Prayer For Relief, No. 5.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4.

28.    Courts have affirmed jury verdicts exceeding $1M in punitive damages in alleged disability discrimination cases. *E.g.*, *Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in pregnancy discrimination case); *see also Roby v. McKesson Corp*., 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9M equal to the compensatory damage award was appropriate in disability case).

29.    In sum, Plaintiff's aggregated recovery on her claims, including compensatory damages such as lost wages and emotional distress damages, attorney's fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

30.    Because diversity of citizenship exists between Plaintiff and Lowe's, and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

DEFENDANT LOWE'S NOTICE OF REMOVAL

319303832v.3

## IV.   VENUE

31.   Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 84(b), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Kern. The action arose in the County of Kern because the facility where Plaintiff worked is in Bakersfield, California in Kern County. (Compl. ¶ 3.) Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.   NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

32.   Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Kern.

## VI.   PRAYER FOR REMOVAL

Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Kern to the United States District Court for the Eastern District of California.

DATED: August 7, 2025                              SEYFARTH SHAW LLP


By: _____/S/ Adam Hackett_____
       Adam C. Hackett
       Attorney for Defendant
       LOWE'S HOME CENTERS, LLC

10

DEFENDANT LOWE'S NOTICE OF REMOVAL

319303832v.3